IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-40836-H2-11 |
| | § | JOINTLY ADMINISTERED |
| PREMIERE HOLDINGS OF TEXAS, | § | |
| LP, DBA MONEY MORTGAGE, LTD., | § | CASE NO. 01-40837-H2-11 |
| DBA LAPIN & WIGGINTON, LTD., | § | CASE NO. 01-40838-H2-11 |
| MMCOA, LP, AND | § | |
| LAPIN & WIGGINTON FUNDING, LP. | § | (Chapter 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| JOSEPH M. HILL, LIQUIDATING | § | |
| TORT TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| MICHAEL AVANT (IRA), DIONEL E. AVILES | § | |
| BARBARA AVILES, HERBERT BEAZLEY, | § | |
| NORMA BEAZLEY, COREY BELL, | § | |
| MILLCENT BELL, GREGORY BLUME, | § | |
| MONROE BREWER, GENEVA BREWER, | § | |
| DONNA BROWN (IRA), JUDY BROWN (IRA), | § | |
| STEVE CALLAHAN (IRA), BRUCE | § | |
| CARESS, RHONA CARESS, MARK | § | |
| CARRIGAN, STEVE CLABOUGH, | § | |
| WILLIAM CLEVERDON, VINCENT M. | § | |
| COLEMAN, JOHN W. CROFT | § | |
| (TESTAMENTARY TRUST), JOHN | § | |
| CROFT FOR LINDA, RICHARD CRUM, | § | |
| OLAGENE CRUM, JAN GOTT DEMOSS | § | |
| (IRA), ROBERT DODDS (C/F VIRGINIA | § | |
| DALY), ROBERT DODDS, WANDA | § | |
| DODDS, JERRY FLANNERY (IRA), | § | |
| CURTIS FRANZ, LOIS FRANZ, RAE | § | |
| FRIEDMAN (IRA), DAVID GALVAN | § | |
| (IRA), GARVIS INVESTMENT GENERAL | § | |
| PARTNERSHIP, MAINESS GIBSON, | § | |
| JAMES GILLIS (IRA), DAN GOEB, JAN | § | |
| GOEB, STEVEN GOLDSTEIN (PSP), | § | |
| GRIPAC ENTERPRISES, INC., | § | |

1

**GERTRUDE HAZELWOOD, AVANELL HEBERT, CLYDE HICKHAM, WILLIAM HILL, JULIE HILL, HOUSTON CANCER INSTITUTE PSP, RAY HUGGER, SARA HUGGER, GENE HULTQUIST, BETTIE HULTQUIST, VIVIAN IVY, LOYCE JACKSON (ESTATE), MEYER JACOBSON, FRANCES JACOBSON, JAENSCH REVOCABLE TRUST, RICHARD JESPERSEN, SANDRA JESPERSEN, JEAN F. KAUFMAN FAMILY LIMITED PARTNERSHIP, LAWRENCE KELLY, LINDA KELLY, KENDRICK FAMILY TRUST #2, FLOYD KENDRICK, JOSEPH KENDRICK, CHARLES KENNON, MELVYN KLEIMAN, ROBERTA KLEIMAN, THOMAS A. KROUSKOP (TRUST), THOMAS KROUSKOP, ARLENE KROUSKOP, BERTEL M. LEWIS, BARBARA TWARDOWSKI, WILLIAM MARBLE, JULIA McNEILL, WAYNE MELLOR, SHIRLEY MELLOR, HAROLD MILLER, HAROLD MILLER TRUST, CATHERINE ALLEMAN MINCBERG (IRA), CATHERINE ALLEMAN MINCBERG, MARY MOFFETT (IRA), EDDIE MOORE, JR. (IRA), DONNELL MOORE, GAIL MOORE, EDDIE MOORE, MARY MURRAY, MARK MUSHRUSH, MICHELLE MUSHRUSH, EMILE NASSAR, CHUCK NORRIS, ORTHO-PEDIC ASSOC. FBO ALLEN CRISWELL, MARC OSTROFSKY, SARA OSTROFSKY, FRANK ROBINSON (IRA), STUART ROSENTHAL (IRA), PHILLIP ROWE, LEO RUBENSTEIN, MARIE SANDERS, DAVID SEELEY (IRA), DAVID SEELEY, SUSAN SEELEY, JANICE SELZER (IRA), JANICE SELZER, RUBY SHAINOCK, NORMAN SHUGAR, TRUSTEE, FRED SNYDER, CLAYTON SPITZ, RONNA**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

2

| | |
|---|---|
| **SPITZ, NEORA SWARTZ, L.D. TILLOTA,** | § |
| **SADIE TINERELLA, SHANNON TYLER** | § |
| **(SEPARATE PROPERTY), MARGARET** | § |
| **WAISMAN, MARGARET WAISMAN** | § |
| **(PSP), WALLING REVOCABLE TRUST,** | § |
| **JACK WATERS, DORIS WATERS,** | § |
| **SAMUEL WEREBE, MARIA WEREBE,** | § |
| **JAMES WERNEKE, DON WHALEY,** | § |
| **MARY WHALEY, CHARLES WHITE,** | § |
| **MAJORIE WHITE, JAMES R.** | § |
| **WOFFORD, MICHAEL WYLLIE,** | § |
| | § |
| **DEFENDANTS** | § |

## TRUSTEE'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Joseph M. Hill, Liquidating Tort Trustee and Plaintiff herein ("Trustee") and files this his Original Complaint, and in support thereof would show the Court the following:

## PARTIES

1. Trustee is the duly appointed Liquidating Tort Trustee pursuant to the Order Confirming Chapter 11 Trustee's Third Amended Joint Consolidated Plan of Liquidation under Chapter 11 of the Bankruptcy Code entered in the main case on or about June 18, 2002.

2. Defendants are investors ("Investor/Defendants") in Premiere Holdings of Texas, LP and its related entities ("Debtor") who have not asserted a claim in this case.

3. Trustee brings this adversary proceeding pursuant to Bankruptcy Rule 7001 and 11 U.S.C. §§ 105 and 541.

## JURISDICTION AND VENUE

4. Section 1334 of Title 28 grants the United States District Court for the Southern District of Texas jurisdiction over this adversary proceeding. This action has been referred to this

Court pursuant to 28 U.S.C. § 157(a) and is brought pursuant to Bankruptcy Rule 7001, 11 U.S.C. §§ 105 and 541.  This action is a core proceeding under 28 U.S.C. §157(b).  Venue in this adversary proceeding is proper before this Court pursuant to 28 U.S.C. §1409.

## PROCEDURAL BACKGROUND

5. On or about June 18, 2002, this Court entered its Order Confirming Chapter 11 Trustee's Third Amended Joint Consolidated Plan of Liquidation under Chapter 11 of the Bankruptcy Code.  Pursuant to the confirmed Plan, the Trustee is charged with the duty of prosecuting all tort claims held by the estate, with tort claims defined as "all Causes of Action of the Estate that pertain to malpractice and negligence tort claims which may be asserted by the Debtors against the Debtors' pre-petition professionals, including but not limited to (a) any claims against the Debtors' pre-petition accountants, investment bankers, or other professionals or advisers, or any of the Debtors' present or former directors and officers, related to any formation, acquisition, merger, bank loan or public stock offering involving any of the Debtors, and (b) any claims related to the pre-petition audit work performed by the Debtors' accountants."

6. The Trustee and some of the Investor/Defendants have asserted claims against Mann, Frankfort, Stein & Lipp, Advisors, Inc., Mann, Frankfort, Stein & Lipp, P.C., Mann Frankfort, Stein & Lipp, LLC, Mann, Frankfort, Stein & Lipp CPAs, LLP, Centerprise Advisors, Inc., Wealth Advisors, Inc., Milton Frankfort, Arnold Lipp, Michael Richter, and William J. Hickl (collectively, the "Settling Defendants") in one or more of the following matters:

    a.    Case No. H-04-2560; *Joseph Hill, Liquidating Tort Trustee for the Premiere Holdings of Texas L.P. Consolidated Bankruptcy Estate vs Mann, Frankfort, Stein & Lipp Advisors, Inc., Mann, Frankfort, Stein & Lipp CPAs, L.L.P., Centerprise Advisors, Inc.,Jack Lapin, Jack Lapin, P.C., Schlanger Mills, Mayer & Silver, L.L.P., Butler & Binion, L.L.P., and Andrews & Kurth, L.L.P.; Raymond James Financial, Inc.; Robert Thomas Securities, Inc.; and T.D. Waterhouse Investor*

       *Services, Inc.*; In the United States District Court for the Southern District of Texas, Houston Division;

b.      Cause No. 02-CV-126329; *Douglas Bacon, et al vs Mann Frankfort Stein & Lipp Advisors, Inc., et al.*; In the 240th Judicial District Court of Fort Bend County, Texas;

c.      Cause No. 02-CV-1141; *Edward and Marie Cepiel, et al. vs Mann Frankfort Stein & Lipp Advisors, Inc., et al.*; In the 56th Judicial District Court of Galveston County, Texas;

d.      Cause No. 21399*JG02; *Curtis and Lois Franz, et al. vs Mann Frankfort Stein & Lipp Advisors, Inc., et al*; In the 239th Judicial District Court of Brazoria County, Texas;

e.      Cause No. 2003-555416; *Mitchell J. Buchman, et al. vs Mann Frankfort, Stein & Lipp Advisors, Inc., et al*; In the District Court of Harris County, Texas; 189th Judicial District Court.

f.      Case No. H-03-3521*; V. William Moritz, Trustee of the Mike and Cynthia Richards Charitable Remainder Unitrust; William Michael Richards; The Michael Richards, Ira; The William Michael Richards Family Limited Partnership vs. Raymond James Financial, Inc.; Raymond James & Associates, Inc.; Raymond James Financial Services, Inc.; Robert Thomas Securities, Inc.; TD Waterhouse Investor Services, Inc.; David Lapin; Mann Frankfort, Stein & Lipp Advisors, Inc.; Mann, Frankfort Stein & Lipp, PC; and Mann, Frankfort, Stein & Lipp, LLC.*; In the United States District Court for the Southern District of Texas, Houston Division;

g.      Case No. H-03-4135; *Steven Callahan, et al. vs. Raymond James Financial, Inc.; Raymond James & Associates, Inc.; Raymond James Financial Services, Inc.; Robert Thomas Securities, Inc.; TD Waterhouse Investor Services, Inc.; David Lapin; Mann Frankfort, Stein & Lipp Advisors, Inc.; Mann, Frankfort Stein & Lipp, PC; Mann Frankfort, Stein & Lipp, LLC; Centerprise Advisors, Inc.; and Richard Melamed*; In the United States District Court for the Southern District of Texas, Houston Division;

h.      Case No. H-02-2304; *Marsha Wallace, et al., vs. Raymond James Financial, Inc., et al.*; In the United States District Court for the Southern District of Texas, Houston Division;

i.      Cause No. 2003-30253; *Helene Atlas, Individually and as the Independent Executrix for the Estate of Sid Atlas; Helene Atlas Big Three, Inc. vs. Mann Frankfort Stein & Lipp Advisors, Inc.; Mann, Frankfort, Stein & Lipp, P.C.; Mann, Frankfort, Stein & Lipp, L.L.C.; Centerprise Advisors, Inc.; Milton Frankfort; and Arnold Lipp*; In the District Court of Harris County, Texas; 29th Judicial District Court.

j.  Cause No. 2003-30236; *James & Linda Mcingvale vs. Mann Frankfort Stein & Lipp Advisors, Inc.*; Mann Frankfort, Stein & Lipp, P.C.; Mann, Frankfort, Stein & Lipp, L.L.C.; Centerprise Advisors, Inc.; William J. Hickl; and Arnold Lipp; In the District Court of Harris County, Texas, 334th Judicial District Court;

k.  Cause No. 2003-30252; *Carebear, Ltd. vs. Mann Frankfort Stein & Lipp Advisors, Inc.; Mann, Frankfort, Stein & Lipp, P.C.; Mann, Frankfort, Stein & Lipp, L.L.C.; Centerprise Advisors, Inc.; Milton Frankfort; Arnold Lipp; and Michael Richter*, In the District Court of Harris County, Texas, 165th Judicial District Court;

l.  Cause No. 2004-55324; *Don Whaley, Mary Whaley and Vincent Coleman vs. Mann, Frankfort, Stein & Lipp, Advisors Inc., et al.*; In the District Court of Harris County, Texas, 280th Judicial District Court;

m.  Cause No. 2002-51002; *Cynthia R. Moulton vs. Raymond James Financial, Inc., et al.*; In the District Court of Harris County, Texas, 215th Judicial District.

## BACKGROUND

7.  The Trustee and some of the Investor/Defendants have asserted the Debtors were in the business of selling purportedly mortgage-backed investments, limited partnership interests and corporate debentures to the public through a number of different devices that promised significant returns on investments. Among other things, the Debtors utilized funds from later investors to pay interest on earlier loans. In the above action, the Trustee asserted that the Debtors' advisors and professionals were negligent and/or committed malpractice.. Approximately 500 persons "invested" in or through the Debtor and lost much or all of their investment funds. Many of these investors have filed claims in this case, either individually, or through various "partnerships." However, there are a number of investors who have failed to file any proof of claim in this bankruptcy case.

8.  In the proceeding identified in paragraph 6(a) above, the Trustee alleges malpractice and negligence claims against the Settling Defendants. Some of the Investor/Defendants, as plaintiffs in the proceedings identified in paragraph 6 (b) through (n) above, have invoked a variety

of claims against the Settling Defendants including, but not limited to, allegations regarding the Texas Securities Act, Securities Act of 1933, Securities Exchange Act of 1934, common law fraud, fraudulent inducement, statutory fraud in a real estate and stock transaction, breach of fiduciary duty, conspiracy, conversion, negligent misrepresentation, unjust enrichment and misapplication of fiduciary property.

9.     Both the Trustee, and the Investor/Defendants who are plaintiffs against the Settling Defendants, seek to recover damages to the estate and the alleged investor losses on the monies invested with the Debtors at the time they filed bankruptcy.  The Settling Defendants have challenged the plaintiffs' standing to bring the claims as well as the alleged factual and legal bases for asserting the claims.

10.     A final Mediation Settlement Agreement (the "Agreement") has been negotiated between the Trustee and the Settling Defendants.  A copy of the Agreement is attached hereto as Exhibit "A".  The Agreement is the subject of a separate motion to compromise filed in the main case.  In addition to other provisions not relevant here, the Agreement provides that the Trustee shall file an action in the Bankruptcy Court naming the Investor/Defendants as defendants seeking entry by the Bankruptcy Court of an order releasing, acquitting and forever discharging the Settling Defendants, along with their subsidiaries, affiliates, employees, directors, officers, partners, shareholders, predecessors, successors, and assigns from all any and all causes of action, whether stated or not, and whether they could have been stated or not, in the cases listed above and/or in any other lawsuit or other proceeding in any way related to the Premiere business (including, but not limited to, any work performed by the Settling Defendants or any associated entities of the Settling Centerprise Defendants for Lapin & Wigginton, LTD., Lapin & Wigginton Asset Management,

Inc., Lapin & Wigginton Asset Management LP, Lapin & Wigginton Asset Management LLC, Money Mortgage, Inc., Premiere Holdings of Texas, LLC, or Premiere Holdings of Texas, LP, or advice, if any, that the Settling Defendants allegedly may have given with respect to investing in or with any of these entities or any of these entities' investment opportunities).

11.     The purpose of this adversary proceeding is to provide the Settling Defendants with an order of this Court that fully and finally releases the Settling Defendants from all claims that were or could have been asserted against them by the Investor/Defendants.

## REQUEST FOR DECLARATORY JUDGMENT

12.     The essential basis for the relief the Trustee asserts is that the Investor/Defendants' claims against the Settling Defendants sufficiently touch "property of the estate" that, in light of the Agreement, and to effectuate the Agreement, this Court can, and should, declare any assertion of the Investor/Defendants' claims against the Settling Defendants to be released and enjoined. . As a result of the Agreement, all the Investors that have claims in the estate will receive a dividend from the Debtors' estate, under the auspices of the Trustee, as the estate's representative. A condition for those benefits and dividend to be made available to the creditors is the relief requested in this adversary proceeding. The Trustee requests that this Court enter a judgment that all claims and causes of action being asserted or that could be asserted by the Investor/Defendants against the Settling Defendants are fully and finally released and enjoined.

## DISCUSSION

13.     The issue to be decided is one of law only. There are no material facts in dispute with regard to the nature and extent of the Investor/Defendants' asserted or unasserted claims, or the nature and extent of the claims held by the Trustee. Assuming this Court approves the Agreement,

this Court need only determine in this proceeding as a matter of law whether the Investor/Defendants' claims against the Settling Defendants reach "property of the estate." Based on the settled law, and in light of the most fundamental purposes of the Bankruptcy Code and this Court's jurisdiction, the Investor/Defendants' claims do sufficiently touch "property of the estate" to support the relief requested here.

14. Relevant authorities that clearly support the relief requested here include *SEC v. Sharp Capital, Inc.*, 315 F.3d 541 (5th Cir. 2003), *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987), and *In re Mortgage America, Corp.*, 714 F.2d 1266 (5th Cir.1983).

15. In *Sharp*, the Securities and Exchange Commission ("SEC") sued Sharp Capital, Inc. ("Sharp"), Sharp's principal, and Emerging Markets Capital Advisors, Ltd. ("EMCA") for allegedly defrauding numerous investors. Sharp was an investment advisory company that entered into numerous investment advisory agreements with over 130 Mexican nationals who invested approximately $82 million. Allegedly contrary to promises of safe investments, Sharp used the investors' money to buy highly leveraged instruments in volatile emerging markets such as Russia and Latin America. In addition, Sharp pooled the investors funds with those of EMCA, a Bahamian corporation, and used them to make substandard loans to entities affiliated with Grupo Protexa, a group of Mexican companies and others. By the time the SEC stepped in, Sharp had lost about 95% of the Investors' money.

16. The United States District Court for the Northern District of Texas appointed a Special Master who, among other things, began negotiating collection from Group Protexa on its debts to Sharp. Fifty-four of Sharp's investors who invested approximately $23 million (the "Fernandez plaintiffs") sued Grupo Protexa directly in state court. The Fernandez plaintiffs' suit

raised various state law causes of action, including fraud, negligent misrepresentation, violations of the Texas DTPA, negligence, conversion, breach of trust, breach of fiduciary duty, misapplication of fiduciary property, violation of the Texas Securities Act, and constructive trust/unjust enrichment.

17.     Shortly thereafter, the Special Master settled with Grupo Protexa on terms that included a release of the Fernandez plaintiffs' state court claims and applied to the District Court in the SEC action for approval of that settlement. The requested approval included releasing and enjoining the Fernandez plaintiffs' claims against Grupo Protexa. The District Court approved the settlement and permanently enjoined the Fernandez plaintiffs from pursuing their state court claims.

18.     The Fifth Circuit affirmed approval of the settlement, including the injunction against the state court claims.

19.     The decisions in *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987) and *In re Mortgage America*, 714 F.2d 1266 (5th Cir. 1983) approach the question from slightly different angles but support the same result. The question in *S. I. Acquisition*, was whether the debtor or creditors had the right to sue affiliates of the debtor on *alter ego* grounds. Analogously to the Trustee's position here, the Fifth Circuit held that the debtor, through its trustee, had the right to pursue those claims and that creditors' claims to the same end were automatically stayed. The Fifth Circuit Court observed that the scope of the automatic stay under 11 U.S.C. §362 turned on the definition of "property of the estate" under 11 U.S.C. §541, because the stay reached actions to obtain possession of any such property. The Court then noted that "property of the estate" encompassed "all legal and equitable interests of the debtor in property as of the commencement of the case." The creditors in *S. I. Acquisition* were asserting a "denuding" theory, that the Fifth Circuit conceded was typically asserted by creditors, not debtors. However, the Court held that where, as

10

there and here, the debtor is represented by a Trustee and reaches a settlement agreement, the proper view is that the recovery is "property of the estate" and should be administered through the debtor's bankruptcy case, because, according to the Court, the Bankruptcy Code was designed to secure and preserve debtors' property and ensure equal distribution among creditors, an end that separately pursued claims by creditors would only frustrate, not serve. Quoting from its opinion in *In re Mortgage America, Corp,* the Court said, "any other result would produce near anarchy when the only discernible organizing principle would be first-come-first served." *Matter of S. I. Acquisition* at 1150. Although the Court in *S. I. Acquisition* distilled "three guiding principles from our decision in *In re MortgageAmerica*," it ultimately grounded its decision in one of those principles: "the Bankruptcy Code's general policies of securing and preserving the debtor's property and of ensuring equal distribution of the debtor's assets to similarly-situated creditors." *Id.* at 1150. The Court reached that practical conclusion despite (a) that actions to pierce the corporate veil are typically, if not always, asserted by creditors, not by debtors, and (b) the inherent assumption of *alter ego* liability that two nominally distinct entities are not truly two, but are really only one, which cannot sue itself. Regardless, the Fifth Circuit Court applied the practical consideration of fairly distributing a debtor's assets to its creditors rather than allowing separate creditors to pursue separate claims. The Court could not have been more clear:

> But Eastway [the creditor] is proceeding alone, only for its benefit, and without giving notice to other creditors of S.I.A. Thus it seems clear that to allow Eastway's actions to proceed would undercut the **general bankruptcy policy of ensuring that all similarly-situated creditors are treated fairly**. If Eastway's action is not stayed it would collect its claim from a pool of assets that should be available to all creditors. But satisfaction of Eastway's claim will be undiluted by the pro-rata distribution between all creditors that would otherwise occur in bankruptcy court or in a nonbankruptcy forum into which the other creditors could intervene if they knew of Eastway's action. Thus, **not to stay Eastway's action would promote the first-come-first-served unequal distribution dilemma that the Bankruptcy Code and**

**In re MortgageAmerica sought to prevent**.

*Id.* at 1153-54. (emphasis added).

20.     The Fifth Circuit Court in *Mortgage America* addressed fraudulent transfer claims and reached the same conclusion, stating,

> More fundamentally, this result furthers the basic, commonsense principle of pro-rata distribution that runs through virtually every substantive provision of the Code. At least in modern bankruptcy law, the day of unfair and unseemly races to the courthouse is long gone. Whatever else may be uncertain or unsettled in the construction of the new Bankruptcy Code, we think it beyond cavil that the principle of first-come-first-served has no place in bankruptcy law except to the very limited extent that specific provisions give it a place.

*Id.* at 1278.

21.     Clearly, the recovery the Trustee has sought and obtained from the Settling Defendants is for the benefit of the creditors as they will benefit through the distribution through the estate.. Allowing Investor/Defendants to pursue separate post-Agreement claims, therefore, would be to allow further claims to recover "property of the estate" after those claims were rightly settled. It is appropriate, even necessary, in the context of the Agreement and, for purposes of the Agreement, to resolve those claims through the Bankruptcy Court's Trustee, not separately.

22.     The only argument to the contrary is the theoretical one that Investor/Defendants "own" claims that are distinct from those covered by the Agreement,  However, in *In re Schimmelpennick,* 183 F.3d 347 (5th Cir. 1999), the Court recognized that "even if a claim 'belongs to' the creditor, the trustee is the proper party to assert the claim, for the benefit of all creditors, provided the claim advances a generalized grievance." *Id.* The "grievance" here, whether asserted by Investor/Defendants or the Trustee, is that the Investor/Defendants wrongfully suffered loss on their investments in and through the Debtor. Within the rubric of *Schimmelpennick*, that grievance

is, therefore, "generalized" and appropriately resolved under the Agreement and through the Trustee. Again, the Fifth Circuit emphasized practicality over theoretical concerns saying, "the Code's general policies of securing and preserving the debtor's property and ensuring equal distribution of that property to similarly situated creditors should remain a paramount concern." *Id.* at 358-359.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this Court enter declaratory judgment in favor of Trustee releasing, acquitting and forever discharging the Settling Defendants, along with their subsidiaries, affiliates, employees, directors, officers, partners, shareholders, predecessors, successors, and assigns from all any and all causes of action, whether stated or not, and whether they could have been stated or not, in the cases listed above and/or in any other lawsuit or other proceeding in any way related to the Premiere business (including, but not limited to, any work performed by the Settling Defendants or any associated entities of the Settling Defendants for Lapin & Wigginton, LTD., Lapin & Wigginton Asset Management, Inc., Lapin & Wigginton Asset Management LP, Lapin & Wigginton Asset Management LLC, Money Mortgage, Inc., Premiere Holdings of Texas, LLC, or Premiere Holdings of Texas, LP, or advice, if any, that the Settling Defendants allegedly may have given with respect to investing in or with any of these entities or any of these entities' investment opportunities).

Respectfully submitted,

/s/ Timothy L. Wentworth
_____
JOSEPH M. HILL
State Bar No. 09645500
Attorney-in Charge
TIMOTHY L. WENTWORTH
State Bar No. 21179000

13

OF COUNSEL:

CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone:  (713) 789-0500
Telecopier:  (713) 974-0344
COUNSEL FOR JOSEPH M. HILL,
LIQUIDATING TORT TRUSTEE