IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-40836-H2-11 |
| | § | JOINTLY ADMINISTERED |
| PREMIERE HOLDINGS OF TEXAS, LP, | § | |
| DBA MONEY MORTGAGE, LTD., | § | CASE NO. 01-40837-H2-11 |
| DBA LAPIN & WIGGINTON, LTD., | § | CASE NO. 01-40838-H2-11 |
| MMCOA, LP, AND | § | |
| LAPIN & WIGGINTON FUNDING, LP. | § | (Chapter 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**ORDER APPROVING COMPROMISE WITH
MANN, FRANKFORT, STEIN & LIPP ADVISORS, INC., MANN, FRANKFORT,
STEIN & LIPP, P.C., MANN FRANKFORT, STEIN & LIPP, LLC, MANN,
FRANKFORT, STEIN & LIPP CPAS, LLP, CENTERPRISE ADVISORS, INC.,
WEALTH ADVISORS, INC., MILTON FRANKFORT, ARNOLD LIPP,
<u>MICHAEL RICHTER, AND WILLIAM J. HICKL [DOCKET NO. 2677]</u>**

Came on for consideration the Motion for Order Approving Compromise with Mann, Frankfort, Stein & Lipp, Advisors, Inc., Mann, Frankfort, Stein & Lipp, P.C., Mann Frankfort, Stein & Lipp, LLC, Mann, Frankfort, Stein & Lipp CPAs, LLP, Centerprise Advisors, Inc., Wealth Advisors, Inc., Milton Frankfort, Arnold Lipp, Michael Richter, and William J. Hickl, and their associated entities thereof, including their subsidiaries, affiliates, employees, directors, officers, partners, shareholders, predecessors, successors, assigns, insurers, attorneys (collectively, the "Settling Defendants"), as filed by Joseph Hill, Liquidating Tort Trustee (the "Trustee") for the Premiere Holdings of Texas L.P. Consolidated Bankruptcy Estate ("Estate") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and docketed at Docket No. 2677. Having reviewed the terms of the proposed Mediation Settlement Agreement (the "Settlement") attached to the Motion with due consideration for the factors set forth in *Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 425 (1968), and upon the withdrawal of the objections filed at Docket Nos. 2679 and 2670, the Court

finds that notice of the Motion was sufficient and concludes that the Settlement is fair to all creditors of the Estate and all parties in interest as set forth in the Motion and is in the best interest of the Estate. It is, therefore,

ORDERED as follows:

1. The Motion for Order Approving Compromise with the Settling Defendants is GRANTED;

2. The Trustee is authorized to enter into the Settlement and all related documents thereto, and such Settlement is APPROVED;

3. The Parties (as defined herein) are authorized to and shall comply with the terms of the Settlement;

4. The Parties are:

   a. Trustee;

   b. All Plaintiff/Investors (as defined below); and

   c. The Settling Defendants.

5. The "Plaintiff/Investors" are all persons and entities who, at the time that the captioned Chapter 11 Cases were filed, had monies invested in or through David Lapin, Jeff Wigginton, Ted Murray, Lapin & Wigginton Asset Management, Inc., Lapin & Wigginton Funding, Inc., Lapin & Wigginton Funding, L.P., Money Mortgage Corporation of America, MMCOA, L.P., Premiere Holdings of Texas, L.L.C., and Premiere Holdings of Texas, L.P. d/b/a Money Mortgage, Ltd. d/b/a Lapin & Wigginton, Ltd., or any of their related or affiliated entities (collectively, the "Premiere Parties"), including but not limited to the Plaintiffs in the Pending Litigation (as defined below) and those who have filed proofs of claim in the captioned Chapter 11 Cases, and all assignees or transferees of any of the Plaintiff/Investors.

6. "Pending Litigation" refers to the following matters:

a. Case No. H-04-2560; *Joseph Hill, Liquidating Tort Trustee for the Premiere Holdings of Texas L.P. Consolidated Bankruptcy Estate v. Mann, Frankfort, Stein & Lipp Advisors, Inc., Mann, Frankfort, Stein & Lipp CPAs, L.L.P., Centerprise Advisors, Inc., Jack Lapin, Jack Lapin, P.C., Schlanger Mills, Mayer & Silver, L.L.P., Butler & Binion, L.L.P., Andrews & Kurth, L.L.P.; Raymond James Financial, Inc.; Robert Thomas Securities, Inc.; and T.D. Waterhouse Investor Services, Inc.*; In the United States District Court for the Southern District of Texas, Houston Division;

b. Cause No. 02-CV-126329; *Douglas Bacon, et al. v. Mann Frankfort Stein & Lipp Advisors, Inc., et al.*; In the 240th Judicial District Court of Fort Bend County, Texas;

c. Cause No. 02-CV-1141; *Edward and Marie Cepiel, et al. v. Mann Frankfort Stein & Lipp Advisors, Inc., et al.*; In the 56th Judicial District Court of Galveston County, Texas;

d. Cause No. 21399*JG02; *Curtis and Lois Franz, et al. v. Mann Frankfort Stein & Lipp Advisors, Inc., et al*; In the 239th Judicial District Court of Brazoria County, Texas;

e. Cause No. 2003-555416; *Mitchell J. Buchman, et al. v. Mann Frankfort, Stein & Lipp Advisors, Inc., et al*; In the 189th Judicial District Court of Harris County, Texas;

f. Case No. H-03-3521; *V. William Moritz, Trustee of the Mike and Cynthia Richards Charitable Remainder Unitrust; William Michael Richards; The Michael Richards, Ira; The William Michael Richards Family Limited Partnership v. Raymond James Financial, Inc.; Raymond James & Associates, Inc.; Raymond James Financial Services, Inc.; Robert Thomas Securities, Inc.; TD Waterhouse Investor Services, Inc.; David Lapin; Mann Frankfort, Stein & Lipp Advisors, Inc.; Mann, Frankfort Stein & Lipp, PC; and Mann, Frankfort, Stein & Lipp, LLC.*; In the United States District Court for the Southern District of Texas, Houston Division;

g. Case No. H-03-4135; *Steven Callahan, et al. v. Raymond James Financial, Inc.; Raymond James & Associates, Inc.; Raymond James Financial Services, Inc.; Robert Thomas Securities, Inc.; TD Waterhouse Investor Services, Inc.; David Lapin; Mann Frankfort, Stein & Lipp Advisors, Inc.; Mann, Frankfort Stein & Lipp, PC; Mann Frankfort, Stein & Lipp, LLC; Centerprise Advisors, Inc.; and Richard Melamed*; In the United States District Court for the Southern District of Texas, Houston Division;

h. Case No. H-02-2304; *Marsha Wallace, et al., v. Raymond James Financial, Inc., et al.*; In the United States District Court for the Southern District of Texas, Houston Division;

i. Cause No. 2003-30253; *Helene Atlas, Individually and as the Independent Executrix for the Estate of Sid Atlas; Helene Atlas Big Three, Inc. v. Mann Frankfort Stein & Lipp Advisors, Inc.; Mann, Frankfort, Stein & Lipp, P.C.; Mann, Frankfort, Stein & Lipp, L.L.C.; Centerprise Advisors, Inc.; Milton Frankfort; and Arnold Lipp*; In the 129th Judicial District Court of Harris County, Texas;

j. Cause No. 2003-30236; *James & Linda McIngvale v. Mann Frankfort Stein & Lipp Advisors, Inc.; Mann Frankfort, Stein & Lipp, P.C.; Mann, Frankfort, Stein & Lipp, L.L.C.; Centerprise Advisors, Inc.; William J. Hickl; and Arnold Lipp*; In the 334th Judicial District Court of Harris County, Texas;

k. Cause No. 2003-30252; *Carebear, Ltd .v. Mann Frankfort Stein & Lipp Advisors, Inc.; Mann, Frankfort, Stein & Lipp, P.C.; Mann, Frankfort, Stein & Lipp, L.L.C.; Centerprise Advisors, Inc.; Milton Frankfort; Arnold Lipp; and Michael Richter*; In the 165th Judicial District Court of Harris County, Texas;

l. Cause No. 2004-55324; *Don Whaley, Mary Whaley and Vincent Coleman v. Mann, Frankfort, Stein & Lipp, Advisors Inc., et al.*; In the 280th Judicial District Court of Harris County, Texas;

m. Cause No. 2002-51002; *Cynthia R. Moulton vs. Raymond James Financial, Inc., et al.*; In the 215th Judicial District Court of Harris County, Texas;

n. Cause No. 2003-36411; *Milton Kuba et al. v. Jack Lapin et al.*; In the 157th Judicial District Court of Harris County, Texas.

7. "Released Claims" refers to any and all causes of action of the Trustee and or the Plaintiff/Investors against the Settling Defendants or any of them which relate in any way to the following matters, whether such causes of action have been stated or not, and whether they could have been stated or not, in the Pending Litigation and/or in any other lawsuit or other proceeding in any way related to the business of the Premiere Parties:

    a. Any Plaintiff/Investor's investments with or through David Lapin, Jeff Wigginton, Ted Murray, Lapin & Wigginton Asset Management, Inc., Lapin & Wigginton Funding, Inc., Lapin & Wigginton Funding, L.P., Money Mortgage Corporation of America, MMCOA, L.P., Premiere Holdings of Texas, L.L.C., and Premiere Holdings of Texas, L.P. d/b/a

4

      Money Mortgage, Ltd. d/b/a Lapin & Wigginton, Ltd., or advice, if any, that the Settling Defendants gave or allegedly may have given with respect to investing in or with any of these entities or any of these entities' investment opportunities;

    b.    All Plaintiff/Investors' rights and remedies as creditors of Premiere Holdings of Texas, L.P. d/b/a Money Mortgage, Ltd. d/b/a Lapin & Wigginton, Ltd. MMCOA, LP, Lapin & Wigginton Funding, LP;

    c.    The Trustee's rights and remedies pursuant to the Chapter 11 Trustee's Third Amended and Joint Consolidated Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Liquidating Plan"); and

    d.    The various claims and causes of action asserted in the Pending Litigation, including but not limited to, those invoking the Texas Securities Act, Securities Act of 1933, Securities Exchange Act of 1934, common law fraud, fraudulent inducement, statutory fraud in a real estate and stock transaction, breach of fiduciary duty, conspiracy, conversion, negligent misrepresentation, unjust enrichment, securing execution of a document by deception, misapplication of fiduciary property, legal malpractice and negligence, any representations, advertisements, promises or inducements by whosoever done or made, including but not limited to by or on behalf of David Lapin, Jeff Wigginton, Ted Murray or any of the above-referenced Chapter 11 Debtors, relating to any existing or potential investment.

8.    Nothing contained herein shall constitute a determination of the ownership of any claim by any person or entity.

9.    The Settling Defendants are hereby RELEASED, ACQUITTED AND FOREVER DISCHARGED from any and all causes of actions, whether stated or not, and whether they could have been stated or not, all claims, demands, debts, liabilities, and causes of action, known or unknown, past, present or future, asserted or unasserted, accrued or unaccrued, forming a part of, the Pending Litigation.

10.    All Plaintiffs in the Pending Litigation, all parties who are or hereafter become defendants in any of the Pending Litigation, and all Plaintiff/Investors are BARRED, ENJOINED and RESTRAINED from instituting, commencing or prosecuting, directly,

indirectly, derivatively, representatively or in any other capacity any claims against the Settling Defendants released pursuant to this Order. Pursuant to the Settlement, and in accordance with the terms of the Settlement, the Investor/Plaintiffs in the Pending Litigation shall dismiss with prejudice the Settling Defendants who are parties to the Pending Litigation.

11. This is a Final Judgment.

12. This Court reserves jurisdiction over (1) any attempts by any person to assert any claims barred in accordance with this Order; and (2) all parties to the Settlement for the purposes of enforcing and administering such Settlement or resolving any dispute arising from or related to the Motion, the Settlement or this Order, subject to the mediation obligations of the parties to the Settlement.

SIGNED this ___ day of November, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED AND ENTRY REQUESTED:

_____
Joseph M. Hill
TIMOTHY L. WENTWORTH
State Bar No. 21179000
Cage, Hill & Niehaus, LLP
5851 San Felipe, Suite 950
Houston, Texas 77057
Phone: (713) 789-0500

ATTORNEYS FOR JOSEPH M. HILL,
LIQUIDATING TORT TRUSTEE